

# The Attorney General of Texas

June 8, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Gibson D. Lewis, Chairman
Committee on Intergovernmental Affairs
House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. H- 1178

Re: Whether articles 13.57 and 14.10, Election Code, prohibit the use of names which are similar to the names of political parties.

Dear Mr. Lewis:

You have provided us with newspaper clippings which indicate that two organizations, the Harris County Democrats and the Tarrant County Democrats, have endorsed candidates for election in the democratic primary. You ask if such endorsements violate either article 13.57 or article 14.10 of the Election Code. Article 13.57 provides:

> No new political party shall assume the name of any preexisting party; and the party name printed on the official ballot shall not consist of more than three words. As used in this section, the term "preexisting party" does not include a political party which is no longer in existence.

The term political party is not specifically defined in the Election Code; however, it is clear that the term is meant to refer to an organization which nominates individuals for election on a general election ballot. See, e.g., Election Code, 13.01a, 13.02, 13.45, 13.54; Attorney General Opinion M-215 (1968) (holding that a political party no longer existed when it had not appeared on the general election ballot since 1920). We believe that organizations such as the ones you name which do not nominate candidates for a general election ballot are not political parties. Accordingly, article 13.57 is inapplicable to them.

Article 14.10, Election Code, provides in part:

> (A) (1) It is unlawful for an individual to misrepresent his identity or, if acting or purporting to act as an

agent for any person, to misrepresent the identity of that person in any written or oral communication relating to the campaign of the candidate for nomination or election to a public office or election to the office of a political party or relating to the success or defeat of any ballot measure with the intent to injure any candidate or to influence the vote on the measure.

(2) It is unlawful for any person to issue any communication relating to the candidacy of a person for nomination or election to a public office or election to the office of a political party or relating to the success or defeat of any ballot measure, which purports to emanate from any source other than its true source.

While we do not resolve disputed questions of fact, in the examples you pose there is no indication that the organizations used anything other than their rightful names in publicizing their endorsements or issued any communication purporting to emanate from a source other than its true source. We are not prepared to indicate that any use of a word such as "democrats" or "republicans" in an organization's name when the organization is not an official political party is unlawful.

## SUMMARY

Mere use of the term "democrat" or "republican" in an organization's name is not a violation of articles 13.57 or 14.10 of the Election Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn